UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| United States of America, | Case No.: 2:23-cr-00113-CDS-NJK |
|---|---|
| Plaintiff | Order Granting in Part and Denying in Part Defendant Joey McRoyal's Motion for Review of the Magistrate Judge's Detention Order and Denying as Moot the Government's Motion to Strike |
| v. | |
| Joey Lamar McRoyal, | |
| Defendant | [ECF Nos. 60, 68] |

Defendant Joey Lamar McRoyal filed a motion requesting this court conduct a *de novo* review of the magistrate judge's determination to detain him. ECF No. 60. The government opposes the motion (ECF No. 65) and filed a motion to strike McRoyal's reply (ECF No. 66) because it was filed in violation of the local rules that prohibit replies without first obtaining leave of court. ECF No. 68. For the reasons set forth herein, I deny McRoyal's motion. I also deny the government's motion to strike as moot.

**I.  Background Information**

On June 20, 2023, a federal grand jury returned an indictment charging Joey McRoyal with ten felonies: one count of conspiracy to distribute a controlled substance, eight counts of distribution of controlled substances, and three counts of possession of a controlled substance with intent to distribute. ECF No. 2. The following day, McRoyal was arrested in Los Angeles, California and six days later, McRoyal appeared before Chief Magistrate Judge Karen L. Stevenson in the Central District of California for a contested detention hearing. *See* ECF No. 42-10. Following the hearing, the government's request for detention was granted.[1] The magistrate judge entered findings that there was no condition or combination of conditions that would

---

[1] Based on the amount of narcotics charged in the indictment, the government was entitled to a rebuttable presumption that no condition or combination of conditions will ensure the defendant's appearance and/or the safety of any person of the community. *See* 18 U.S.C. § 3142(f).

reasonably assure McRoyal's appearance and/or the safety of any person or the community. *Id.* In making that determination, the court considered the nature and circumstances of the offenses charged, the weight of the evidence against McRoyal, his history and characteristics, and the nature and seriousness of the danger to any person or the community. *Id.* The court cited McRoyal's prior failures to appear and insufficient bail resources in finding that he was a risk of flight. *Id.* at 3. The court considered the nature and extent of the defendant's prior felony and misdemeanor criminal history in finding that he posed a risk of safety to other persons or the community. *Id.* During the hearing, the magistrate judge also considered the fact that McRoyal was known to use aliases and different social security numbers, which heightened her concern regarding the risk of non-appearance. Def. Ex. A at 10:55–12:10.

On July 20, 2023, McRoyal filed a motion to reopen the detention hearing (ECF No. 52), which the government opposed (ECF No. 55). In his motion, McRoyal argues that the court should reopen his detention based on his access to familial ties who can verify information.[2] McRoyal is seeking to be released from custody with conditions. ECF No. 52. In opposition to the motion, the government argues that McRoyal's detention hearing should not be opened because he failed to provide new information material to flight or dangerousness, but rather only provided information that at best, corroborated the information that was available to the magistrate judge at the time of his detention hearing. *See generally* ECF No. 55 at 2–5.

On August 2, 2023, Magistrate Judge Elayna Youchah denied McRoyal's motion to reopen the detention hearing, finding that he failed to meet the requirements for reopening detention. Order, ECF No. 58 at 4. Specifically, she found that the information proffered in McRoyal's motion to reopen was neither "new" nor material to the reasons he was detained. *Id.* This appeal follows. ECF No. 60.

---

[2] According to McRoyal's motion, part of the reason he was detained was because Pretrial Services could not verify some familial information. ECF No. 52 at 3.

## II.  Legal Framework

"If a person is ordered detained by a magistrate judge … the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court conducts a de novo review of a magistrate judge's detention order. *U.S. v. Koening*, 912 F.2d 1190 (9th Cir. 1990). The high standard imposed by de novo review is consistent with the goals of the Bail Reform Act, which envisioned a "more plenary" review process at the district level than at the appellate court. *Id.* at 1192. "The standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)). The district judge must ultimately make her own de novo determination of the facts and of the propriety of detention. *Koenig*, 912 F.2d at 1193.

Section 3142 of Title 18 of the United States Code governs pretrial detention and release. In cases where the defendant faces a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and upon motion of the government, courts presume detention is necessary. 18 U.S.C. § 3142(e)(3)(A). If a defendant proffers evidence to rebut that presumption, the government assumes the burden of persuading the court that detention is necessary. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). To rebut the detention presumption, a defendant "must produce only 'some evidence' that he is not a flight risk and does not pose a danger to the community." *United States v. Clark*, 791 F. Supp. 259, 260 (E.D. Wash. 1992) (quoting *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)). While the defendant has the burden of production of information tending to show he will not pose a danger to the community or a flight risk, the government retains the burden of persuasion. *Id.* at 260. A finding that a person presents a danger to the community must be proved by clear and convincing evidence. *Motamedi*, 767 F.2d at 1406. Even when rebutted, the presumption against

3

release remains and should be considered along with all other relevant factors. *Hir*, 517 F.3d at 1086.

The specific factors a court considers in determining whether conditions exist that will reasonably assure the appearance of a defendant and the safety of the community pending trial are set forth in 18 U.S.C. § 3142(g). Those factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

The second factor—the weight of the evidence against the defendant—is the **least important** factor, considering the risk of assessing guilt at the pre-trial stages of the prosecution. *Gebro*, 948 F.2d at 1121 (emphasis added).

### III.   Analysis

McRoyal has failed to meet his burden: (1) warranting a reopening of his detention hearing, (2) rebutting the detention presumption, and (3) demonstrating that the detention order should be revoked.

A.   *McRoyal failed to provide information that was not known at the time of his detention hearing or new information material to a flight or dangerous determination.*

Regardless of which party moves to reopen a detention hearing, the rule requires that a moving party establish: (1) that information now exists that was not known to the movant at the initial detention hearing, and (2) the new information is material to release conditions

regarding flight or dangerousness. *United States v. Bararia*, 2013 WL 1907782, at *4 (D. Nev. Mar. 12, 2013); *see also United States v. Bowens*, 2007 WL 2220501 (D. Ariz. Jul. 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). McRoyal asks that this court reopen detention and release him with conditions now that he can "clarify his living situation, his relationship with his family, and his employment." ECF No. 60 at 2. He contends that he now has information provided by his daughter (Zoey) that corroborates information regarding ties to the community. *Id.* at 7–9. He states that this information was not available at the time of his detention hearing because he did not have his daughter's phone number memorized. But McRoyal fails to address why he could not obtain this information so it could be proffered at the detention hearing in between his initial hearing before the magistrate judge and the continued detention proceedings five days later.[3] *See* ECF No. 42-5 (order granting government's request to continue the detention hearing for 5 days). Nor does he provide any explanation why no other person could verify the information during that time frame. Thus, the information was available at the time of his detention hearing, but it was not verified. If the information was available at the time of the original hearing, the detention hearing need not be reopened. *United States v. Turino*, 2014 WL 5261292, at *1 (D. Nev. Oct. 15, 2014) (citing *United States v. Ward*, 63 F.Supp. 2d 1203, 1206 (C.D. Cal. 1999)).

Moreover, the information provided by McRoyal's daughter is not material to flight or dangerousness. As noted by Judge Youchah, the corroborating information provided and cited by McRoyal as the basis for reopening his detention hearing was provided to the magistrate judge by McRoyal's counsel in California. ECF No. 58 at 5. Specifically, Judge Youchah noted that after arguing for release, which included all the facts Zoey now corroborates, the judge asked Pretrial Services if any of the information provided by McRoyal's counsel changed their detention recommendation, which they answered in the negative. *Id.* at 4, n.10. In fact, the

---

[3] McRoyal also fails to explain why any other family member involved in his business could not be contacted to verification purposes.

magistrate judge stated her reasons for detaining McRoyal, which included: (1) his significant criminal history; (2) his prior failures to appear; and (3) and his use of different social security numbers and aliases. Def. Ex. A, Audio of Detention Hearing, ECF No. 53 at 10:55–12:10. The judge did not factor the lack of corroboration regarding his residency or employment into her decision. *Id.*; *see also* ECF No. 42-10 at 3 (detention order stating that having "considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report and recommendation" that he was a serious risk of flight because of his prior failures to appear and insufficient bail resources, and that he was a risk of safety because of the nature and seriousness of the offense in a presumption and his criminal history). Accordingly, the magistrate judge did not err in denying McRoyal's request to reopen his detention hearing.

> B. *McRoyal failed to rebut the detention presumption and fails to demonstrate his detention order should be revoked.*

Because McRoyal is challenging his detention, I conducted a de novo review[4] to determine if that order was erroneous. McRoyal argues that release is appropriate because of his strong ties to Las Vegas, his stable employment, and his stable residence. *See generally* ECF No. 52. He also acknowledges his criminal history, but he argues it is aged. *Id.* at 17–18. In sum, McRoyal argues he is neither a flight risk nor a danger to the community. The government disagrees, arguing that McRoyal failed to overcome the presumption in favor of detention, and that McRoyal is both a flight risk and a danger to the community based on his association with multiple aliases, multiple dates of birth, multiple social security numbers, his significant criminal history—to include a 2014 controlled substance conviction from Oklahoma, where he was sentenced to 9 years imprisonment—his multiple failures to appear, and his prior parole/probation violations. *See generally* ECF No. 55.

---

[4] I reviewed McRoyal's Pretrial Services Report in conducting my de novo review.

As McRoyal faces a maximum term of imprisonment of ten years or more under the Controlled Substances Act, the presumption of detention is triggered under 3142(g). For the following reasons, I find McRoyal fails to rebut the presumption of detention.

a. Nature and circumstances of the offense charged.

McRoyal is charged with one count of conspiracy to distribute a controlled substance, eight counts of distribution of controlled substances, and three counts of possession of a controlled substance with intent to distribute. ECF No. 2. If convicted, McRoyal faces a 10-year mandatory-minimum sentence. The court may consider the possible punishment and the incentive to flee associated with a defendant's criminal exposure. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990). Here, the nature and circumstances of the offense favor detention as the possible punishment provides an incentive to flee. According to the Pretrial Services Report, his first felony conviction was out of the State of California in 2000 for Grand Theft and Taking a Vehicle without Consent/Vehicle Theft. Consequently, he has been prohibited from possessing firearms since at least 2000. Yet according to the information contained in the Pretrial Services Report and the information proffered during his detention hearing, McRoyal was in possession of four firearms during a search related to this indictment. Thus, the nature and circumstances of the offense weigh in the favor of detention.

b. Weight of the evidence.

While the least important factor to consider, it appears the case against the defendant is strong as some of his distribution activity was captured on camera and conducted with an undercover law enforcement agent. Accordingly, this factor weighs in favor of detention.

c. History and characteristics of the defendant.

The history and characteristics of the defendant weigh in favor of finding McRoyal is a risk of flight and a danger to the community. It is unclear how long McRoyal was incarcerated for his 2014 Oklahoma conviction, but assuming it was even part of the 9-year sentence means the arrest for this case occurred not long after his release; making his most recent contact with

the criminal justice system more recent than suggested by his date of conviction alone. His history includes convictions for drug and theft related crimes, and a prior felon in possession of a firearm offense. McRoyal's adult[5] criminal history dates back to 1998. Throughout that time-period, McRoyal was placed on probation or parole several times and violated the terms of his supervision several times. The Pretrial Services Report also reveals four prior failures to appear. The information proffered during his detention hearing, and included in his report, notes a previous gang affiliation and a substance abuse history. While this court does not consider one's mental health status a clear indicator of a risk of non-appearance, McRoyal's history impacts his risk of non-appearance as he is currently not being treated in any way, which is of concern.

   Also of concern is the inconsistent information regarding where McRoyal resides. Per the Pretrial Services Report, his mother reported that McRoyal resides at an address in Los Angeles, California. McRoyal reported residing in Nevada, but his driver's license reflects a California address. While McRoyal has provided additional information related to his job, and this court commends his work as running a small business is a difficult task, it is insufficient to outweigh the other evidence supporting detention.[6] As a result, this factor weighs in favor of detention.

    d. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

   McRoyal's history and characteristics show that he represents a danger to the community for several reasons. As discussed above, this is not his first felony nor his first drug distribution offense. His criminal history suggests a lack of willingness to comply with the conditions of release based on his parole/probation violations and repeated failures to appear. But even taking that information out of the equation, he unlawfully possessed four firearms and

---

[5] This court did not consider McRoyal's juvenile criminal history in reaching its decision.

[6] Moreover, it is insufficient to overcome the presumption in favor of detention. While McRoyal has provided some information, which moves the scale, the court finds that the government has carried its burden of persuasion.

engaged in numerous undercover drug transactions involving a significant amount of controlled substances. This is particularly concerning given his issues with substance abuse, mental health concerns, and his alleged gang affiliations.

IV.     **The government's motion to strike (ECF No. 68) the reply is denied as moot.**

The government moves to strike McRoyal's reply to his motion (ECF No. 66), citing that replies are only permitted with leave of court. ECF No. 68 at 1. McRoyal did not seek leave of court prior to filing his reply. I see no reason to strike the reply at this time, however I also did not consider any information contained therein in reaching this decision. Thus, the government's motion is denied as moot.

V.     **Conclusion**

IT IS THEREFORE ORDERED that defendant Joey McRoyal's motion for review of the magistrate judge's detention order **[ECF No. 60] is GRANTED IN PART and DENIED IN PART**. I grant McRoyal's request for review of the magistrate judge's decision. I deny his request for release.

IT IS FURTHER ORDERED that the government's motion to strike **[ECF No. 68] is DENIED as moot**.

DATED: September 26, 2023

_____
Cristina D. Silva
United States District Judge