# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

United States of America,

               Plaintiff

v.

Darrell Glen Harris, et al.,

               Defendants

Case No. 2:23-cr-00113-CDS-NJK

**Omnibus Order Resolving Objections to the Report and Recommendations and Appeals of Orders from the United States Magistrate Judge**

[ECF Nos. 274, 277, 311, 320, 347, 349, 353, 354, 356, 358, 363, 364, 365, 373, 375, 376]

This case involves an alleged conspiracy to distribute controlled substances and several substantive counts of possession with intent to distribute controlled substances. *See* Sup. indict., ECF No. 102. Pending before the court are several objections[1] to the orders and report and recommendations[2] (R&Rs) issued by U.S. Magistrate Judge Nancy J. Koppe addressing several motions, including: (1) a motion to suppress filed by defendant Joey McRoyal (ECF No. 277), and joined by defendant Paulina Hernandez (ECF No. 280); (2) a motion to suppress wire interceptions filed by Hernandez (ECF No. 311), and joined by defendants Lamar Rosser (ECF No. 316) and Darrell Harris (ECF No. 317); and (3) a motion to suppress filed by defendant Harris (ECF No. 320). Also pending before the court are defendant Harris's motion for joinder to Hernandez's objections (ECF No. 356), Hernandez's motion for joinder to McRoyal's objections to the R&R (ECF No. 365), and Hernandez and Harris's appeals of the orders denying their motions to sever (ECF Nos. 375, 376)[3]

---

[1] The objections are docketed at ECF No. 353 (Harris's objections to the R&R denying his motion to suppress), ECF No. 354 (Hernandez's objections to the order and recommendation denying the motion to suppress intercepted communications), and ECF Nos. 363 and 364 (respectively, Hernandez's and McRoyal's objection to the order and R&R denying McRoyal's motion to suppress).

[2] The R&Rs are docketed at ECF Nos. 347, 349, and 358. The government filed responses to the objections: ECF Nos. 361, 362, and 367.

[3] The court reminds defendants Hernandez and Harris that replies to objections or appeals are only allowed with leave of court. *See* LR IB 3-1(a). The court nonetheless considered the replies that were filed without seeking leave of court. *See* ECF Nos. 380, 385.

The court addresses each of the objections or appeals in turn, and for the reasons set forth herein, the court:

- Overrules Hernandez's objection (ECF No. 354) to the order and report and recommendation (ECF No. 347), so the motion to suppress wire intercepts and request for a *Franks* hearing (ECF No. 311) is denied;
- Overrules the objections (ECF Nos. 363, 364) to the order and report and recommendation (ECF No. 358) denying McRoyal's motion to suppress (ECF No. 277);
- Overrules Harris's objection (ECF No. 353) to the report and recommendation (ECF No. 349), so his motion to suppress (ECF No. 320) is denied;
- Denies Harris's motion for joinder (ECF No. 356) to Hernandez's objection;
- Denies Hernandez's motion for joinder (ECF No. 365) to McRoyal's objection;
- Denies Hernandez's appeal (ECF No. 375) of the order denying her motion to sever; and
- Denies Harris's appeal (ECF No. 376) of the order denying his motion to sever.

## I.    Legal Standard

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Upon the filing of such objections, the court must conduct a de novo analysis of the legal determination of those portions of the report to which objections are made. *Id.* The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b).

The district court reviews the magistrate judge's decision under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). However, "a district court may not reject the factual findings of a magistrate judge on a motion to suppress without conducting a de novo evidentiary hearing." *United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002) (citing *United States v. Bergera*, 512 F.2d 391, 392–94 (9th Cir. 1975)). That is because "[t]he reviewing court may not simply substitute

its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g., Grimes*, 951 F.2d at 240. A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

Further, a magistrate judge's order on a pre-trial motion is subject to a lower standard of review (contrary to law standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a), *with* LR IB 3-2(b). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209 (D. Nev. 2017) (quotation omitted).

## II.    Discussion

### A.  Hernandez's objection (ECF No. 354) to the order and report and recommendation (ECF No. 347) denying the request for a *Franks* hearing and related motion to suppress wire intercepts (ECF No. 311) is overruled.

On November 4, 2025, defendant Hernandez filed a motion to suppress wire intercepts and all evidence derived therefrom. ECF No. 311. Hernandez's motion argued that the government failed to meet the requirements of 18 U.S.C. § 2518(1) and § 2518(3) because it failed to exhaust necessity, and the government included critical misstatements of fact and likely withheld key information from the court. *See id.* Defendants McRoyal, Rosser, and Harris filed motions to join Hernandez's suppression motion. ECF Nos. 315, 316, 317.

3

Judge Koppe conducted an evidentiary hearing on the motion, and one other motion,[4] on January 12, 2026. ECF No. 341. At the conclusion of the hearing, the parties were given until February 6, 2026, to file any closing briefs. *Id.* Closing briefs were filed by the government and defendant McRoyal. *See* ECF Nos. 351, 355.

On January 23, 2026, Judge Koppe issued an R&R (R&R-1) that I deny defendant Hernandez's motion to suppress wire intercepts. ECF No. 311. She also granted defendants McRoyal, Rosser, and Harris's joinder motions but denied the *Franks* hearing that was incorporated into the motion. R&R-1, ECF No. 347. As to the defendants' request for a *Franks* hearing, Judge Koppe found that they did not make the requisite "substantial preliminary showing necessary" to entitle them to a *Franks* hearing and that "[t]heir allegations [were] merely conclusory and are not accompanied by an offer of proof." *Id.* at 11. Judge Koppe further found that the defendants only offered a preliminary expert report from a former FBI agent who stated he believed "the government likely made critical misstatements, withheld key information and missed opportunities to gain valuable intelligence while predicating Hernandez as a Target Subject/Target Interceptee in its initial application for its Title-III wiretap." *Id.* (citing ECF No. 311-1 at 5). Judge Koppe also found that both the expert's statements and the defendants' arguments were conclusory, so they failed to meet the first prong of *Franks.*[5] Judge Koppe further found that the defendants failed to show materiality. *Id.* at 11–13.

---

[4] The other motion is McRoyal's motion to suppress (ECF No. 277).

[5] As explained in R&R-1, *Franks* requires a two-prong analysis. First, "to mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. *See* ECF No. 347 at 8–9 (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. *Id.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Id.* Further, affidavits or sworn or otherwise reliable statements of witnesses should be furnished or their absence satisfactorily explained. *Id.* Allegations of negligence or innocent mistake are insufficient. *Id.* The court progresses to the second prong under *Franks* if the defendant makes a substantial showing that the affidavit contains intentionally or recklessly false statements, "and if, when the material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.* (citing *Franks*, 438 U.S. at 171–72). Alternatively, a defendant may also be entitled to a *Franks* hearing if there are intentional or reckless omissions. *See id.* at 9–10.

As to the defendants' lack-of-necessity argument, which contends that necessity was not met because law enforcement failed to engage in a comprehensive financial investigation, Judge Koppe found that the defendants failed to cite any authority requiring such an investigation. *Id.* at 17. She further determined that the 17 other investigative techniques that were detailed in the affidavit were sufficient to satisfy necessity. *Id.* at 18 (citing *United States v. Rivera*, 527 F.3d 891, 899 (9th Cir. 2008)). Finally, Judge Koppe determined that, even without the financial investigation, the affidavit established probable cause. *Id.* at n.3.

Hernandez objects and appeals R&R-1, asserting that Judge Koppe erred in her determination that a *Franks* hearing was not warranted, and further that the government failed to exhaust necessity so the wiretap should be suppressed. *See* ECF No. 354.[6] The objection relates to: (1) allegedly false and misleading statements regarding surveillance of Hernandez, *id.* at 7–10; (2) inclusion of allegedly false or reckless information regarding toll record and jail calls used to identify Hernandez, *id.* at 10–11; (3) and omission of exculpatory information, *id.* at 12. Lacking from Hernandez's objection, however, is any explanation or argument that the allegedly false, misleading, or omitted information is material to probable cause or otherwise undermines the application for, or issuance of, the wiretaps, *see* 18 U.S.C. § 2518 (stating the procedures and requirements for applying for wire intercepts), especially given all the other information included in the applications. *Franks*, 438 U.S. at 170 ("[I]f, when material that is subject to the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."); *see also United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (ruling that an "affidavit, once corrected and supplemented," would not "provide . . . a substantial basis for concluding that probable cause existed" to search the defendant's residence.).

---

[6] Defendant Harris moves to join Hernandez's objections. ECF No. 356. The motion for joinder is denied because, as explained further herein, Harris lacks standing. *See infra* page 12.

Hernandez only advances conclusory arguments and assertions that the errors are "false statements," "extremely concerning," and warranting further scrutiny. ECF No. 354 at 6. But this is insufficient. *See United States v. Meling*, 47 F.3d 1546, 1554 (9th Cir. 1995) (Defendants' "disbelief" and curiosity regarding agents' intentions "does not amount to the substantial showing required under *Franks*"); *see also United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) ("Chavez-Miranda offers no evidence . . . to support the claim that the omissions were reckless or intentionally misleading."). For example, inclusion of the wrong type of vehicle or information regarding vehicle registration, while error, does not subtract from the information that McRoyal used TT-1 to set up controlled drug buys with an undercover agent in August and September of 2022. *See* ECF No. 311-2 at 15–32. And that McRoyal drove the Toyota Camry to an August 23, 2022 controlled buy. *See id.* at 22, ¶ 30. Nor does Hernandez explain how her being in custody for one day in June 2022 somehow undermines law enforcement's ability to identify and connect her to McRoyal. Stated otherwise, these objections establish a desire to cross-examine the affiant,[7] but fail to show that Judge Koppe's determinations were clearly erroneous or contrary to the law.

Hernandez's final argument—that law enforcement allegedly suppressed evidence that another Hispanic female resided with co-defendant Rosser in September of 2022—does not demonstrate that Judge Koppe erred in her determination that a *Franks* hearing is not warranted. Hernandez's objection merely suggests that the woman identified during the September 2022 buy was a woman named Alexandra Henriques, not Hernandez, but fails to offer any evidence to support that assertion. Given the totality of the circumstances, including that the vehicle the Hispanic female was observed driving on the date in question returned registered to a Joey Lamar[8] (McRoyal's full name is Joey Lamar McRoyal) and that Hernandez was known to be

---

[7] *Franks*, 438 U.S. at 171 (requiring challenger's attack on the affidavit supporting the warrant must be more than conclusory to mandate an evidentiary hearing and must be more than a mere desire to cross-examine).

[8] *See* ECF No. 311-5 at 5, ¶ 23.

McRoyal's significant other, Hernandez's assertion that failure to disclose the existence of another Hispanic female connected to another co-defendant is insufficient to trigger the requirement for a *Franks* hearing.

Hernandez also argues that Judge Koppe erred in finding the government met its burden establishing necessity because it did not conduct a financial investigation and did not conduct additional surveillance of Hernandez on September 22, 2022. ECF No. 354 at 19–20. Like her motion to suppress, Hernandez fails to provide any authority that requires the government to conduct a financial investigation before seeking a wiretap, nor any authority holding that the failure to conduct additional surveillance of Hernandez, undermines necessity. And Hernandez fails to cite any authority showing Judge Koppe's determination was clearly erroneous or contrary to the law. Nonetheless, I conduct a de novo review[9] and find the government established necessity as required under 18 U.S.C. § 2518(1)(c). Indeed, the government discussed over 15 investigative techniques in the affidavit, and explained why each was used, or could or could not be used, to further the investigation. *See* ECF No. 311-3 at 51–69. Accordingly, Hernandez's objection to R&R-1 is overruled. R&R-1 is adopted in full, so the motion to suppress the wire interceptions is denied.

**B. Hernandez and McRoyal's objections (ECF Nos. 363, 364) to the order and report and recommendation (ECF No. 358) denying McRoyal's motion to suppress (ECF No. 277) are overruled.**

On July 25, 2025, defendant Joey McRoyal filed a motion to suppress. ECF No. 277. Therein, McRoyal challenged the lawfulness of a van stop and search on April 21, 2023. *See id.* At the time of the car stop, McRoyal was the driver of the van and co-defendant Hernandez was a

---

[9] In *United States v. Rodriguez*, the Ninth Circuit held that a reviewing district court judge must review *de novo* whether the application for a wiretap contains a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. 851 F.3d 931, 938 (9th Cir. 2017). Then, if the wiretap application meets the requirements of 18 U.S.C. § 2518(1)(c), the district court judge then reviews for "abuse of discretion the issuing judge's conclusion that the wiretap was necessary." *Id.* (citation modified).

passenger. *See* ECF No. 358 at 13–15 (citing ECF No. 346 at 103–05). As a result of the van stop and search, law enforcement seized over 900 grams of methamphetamine, over 100 grams of fentanyl pills, approximately 56 grams of cocaine, and multiple grams of two other powder substances. *See* ECF No. 358 at 15 (citing ECF No. 348 at 108, 113, 122–124).

An evidentiary hearing was held on this motion on January 12, 2026. *See* ECF No. 341.[10] On February 10, 2026, Judge Koppe issued an order and report and recommendation (R&R-2) that I deny defendant McRoyal's motion to suppress. R&R-2, ECF No. 358. In R&R-2, she also granted Hernandez's motion for joinder to McRoyal's suppression motion (ECF No. 280). Judge Koppe determined that the totality of the circumstances demonstrated that the van stop and subsequent search were lawful. *Id.* at 26–29. And while Hernandez's joinder to McRoyal's motion was granted, Judge Koppe ultimately determined that she did not have standing to contest the search of the van. *Id.* at 29.

McRoyal and Hernandez filed objections to the R&R-2. ECF No. 363 (Hernandez); ECF No. 364 (McRoyal).[11] In her objection, Hernandez argues that Judge Koppe erred in determining that she lacked standing to challenge the search, and requests that the suppression motion be granted. *See* ECF No. 363.[12] In his objection, McRoyal argues that Judge Koppe erred in finding there was probable cause to conduct the stop and search, asserting that the stop was "pretextual" and there was insufficient evidence to establish probable cause. *See* ECF No. 364. In its response to the objections, the government requests that the court overrule the objections and adopt R&R-2 in full, asserting that Hernandez failed to meet her burden showing she has standing to challenge the search, and that some of McRoyal's arguments in support of his lack-of-probable-cause argument are taken out of context, and further that McRoyal's challenges to

---

[10] As noted above, at the conclusion of the hearing, the parties were given until February 6, 2026, to file any closing briefs. *Id.* The government and defendant McRoyal filed closing briefs. *See* ECF Nos. 351, 355.

[11] Hernandez also filed a motion to join McRoyal's objection. ECF No. 365. As explained herein, Hernandez lacks standing, so her motion for joinder is denied.

[12] Hernandez does not object to her motion for joinder being granted.

probable cause are flawed because law enforcement had probable cause to search the van based on the totality of the circumstances. *See* Resp., ECF No. 367.

Having conducted a de novo review of both objections, I find that neither Hernandez nor McRoyal have demonstrated that R&R-2 was clearly erroneous or contrary to the law, so I overrule their objections. As a threshold matter, I overrule Hernandez's objections because Judge Koppe correctly determined that Hernandez lacks standing to challenge the search. Indeed, Hernandez relies upon cases that are factually distinct from those present here to support her argument that Judge Koppe erred in her determination that she lacked standing. *United States v. Peraza* involved the search of a vehicle that was registered to one co-defendant (Peraza), which the other co-defendant (Gonzalez) had driven to register, and both co-defendants were hired by a third person to smuggle marijuana from Mexico to Arizona. 2014 U.S. Dist. LEXIS 157754, at *8 (D. Ariz. Nov. 7, 2014). *United States v. Deysie* involved a car stop where the defendant, Deysie, was riding as a passenger in his girlfriend's (and registered owner) car, as well as their minor child, when they were stopped by a U.S. Park Ranger. 2014 U.S. Dist. LEXIS 108961 (D. Ariz. Aug. 7, 2014). The Ranger recognized the smell of marijuana and asked if there was any inside. *Id.* at *2. Deysie admitted that there was, and without being asked, handed a Ranger a bag of marijuana, some paraphernalia, and his medical marijuana card. *Id.* At the time of the stop, Deysie and his girlfriend had outstanding, non-extraditable, misdemeanor warrants. *Id.* at 1–2. Ultimately, Deysie and his girlfriend were ordered out of the vehicle, and it was subsequently searched. *Id.* at 2–3. As relevant here, the district court found Deysie had standing to challenge the search of the vehicle because Deysie and his girlfriend cohabitated, Deysie was traveling with her on vacation, he had the right to be in the vehicle and to exclude others from it, and he had personal belongings in the vehicle. *Id.* at 7. Hernandez also cites *United States v. Maldonado-Benitez*, a District of Minnesota case. 2024 U.S. Dist. LEXIS 189946 (D. Minn. Aug. 21, 2024). That court found that the defendant had standing to challenge the search because he was riding in the vehicle with his spouse's family, and he had possession of the vehicle. *Id.* at *7.

9

But here, Hernandez was riding in a vehicle that did not belong to her nor her boyfriend/co-defendant McRoyal.[13] Hernandez and McRoyal's teenaged daughter was not with them, and Hernandez failed to point to anything other than her mere presence in the vehicle to assert some sort of expectation of privacy in the van but fails to cite any authority showing this is sufficient. Stated otherwise, Hernandez failed to meet her burden demonstrating she had an expectation of privacy, so Judge Koppe did not err in making that finding. *See United States v. Sarkisian*, 197 F.3d 966 (9th Cir. 1999) (a defendant has the burden of proving a legitimate expectation of privacy by showing that the defendant manifested a subjective expectation of privacy in the area searched and that the expectation is one that society recognizes as objectively reasonable).

McRoyal's objections, which are two-fold, are also overruled. First, he contends that there was no probable cause to justify the search under the collective knowledge doctrine. *See* ECF No. 364 at 3–5. McRoyal asserts that the government's reliance on the collective knowledge doctrine[14] is "misplaced" because Special Agent Martinez essentially conceded the car stop was conducted based on an "investigative hunch." *See id.* at 4–5. But McRoyal omits other relevant testimony and does take that testimony out of context. For example, on direct examination, Martinez testified that during the investigation, the DEA initiated contact with McRoyal months before the van stop, in August of 2022, when they arranged for an undercover DEA agent to purchase narcotics from McRoyal, *see* AM Tr. evid. hr'g, ECF No. 346 at 18–19, that after August 2022, the DEA conducted additional undercover buys from McRoyal and other co-defendants or intercepted calls arranging drug transactions, *id.* at 31–34, or that the DEA participated in a controlled purchase of narcotics from McRoyal and Hernandez in February of 2023. *See id.* at 15–17. Thus, while presented that the car stop was essentially conducted based on

[13] In her objection, Hernandez admits that McRoyal's cousin gave *McRoyal* permission to use the vehicle, not her. *See* ECF No. 363 at 6 n.18.

[14] As this is an objection to a R&R, I construe this argument as asserting the magistrate judge erred in finding the collective knowledge doctrine applied.

a "hunch," Martinez's testimony revealed it was conducted after months-long investigation. Further, Martinez's "hunch" testimony explains that, at the time they are relaying information to another agency to conduct the car stop, he cannot give that agency specific details—like the price, type, or exact quantity of narcotics—that may be encountered during the stop. *See* PM Tr. evid. hr'g, ECF No. 346 at 18–21.

McRoyal's second argument—that is, that the dog sniff failed to establish probable cause—likewise fails because McRoyal fails to cite any points and authorities to support his challenge to the dog alert or Judge Koppe's determination that, under the totality of the circumstances, there was probable cause after the traffic stop. *See* ECF No. 347 at 28. Instead, McRoyal merely quotes *Florida v. Harris*, 568 U.S. 237 (2013), without conducting any meaningful analysis explaining why that case applies here or how it demonstrates Judge Koppe erred in her determinations.[15] Local Rule IB 3-2 states that "[a]ny party wishing to object to a magistrate judge's finding and recommendations . . . *must file and serve specific written objections with supporting points and authorities*." (emphasis added). McRoyal failed to comply with this rule. It is difficult to see how any party could demonstrate that the magistrate judge's determinations were clearly erroneous or contrary to the law without supporting authorities. That indeed is the case here. Regardless, having conducted a de novo review, I find Judge Koppe's analysis and conclusions set forth in R&R-2 as to the dog sniff to be legally sound. The dog—who was trained to sniff cocaine, heroin, and methamphetamine—alerted to the van McRoyal was driving. *See* ECF No. 347 at 28–29 (summarizing the testimony regarding dog sniff). That, together with all the other evidence, including the information provided to the trooper who conducted the stop and the fact that Hernandez and McRoyal gave conflicting stories regarding

---

[15] Explaining the applicably of that case is important here given that McRoyal challenges the reliability of the dog sniff, and that case overturned a Florida Supreme Court decision that placed heightened requirements on the government to introduce the dog sniff, which the Supreme Court found to be "the antithesis of a totality-of-the-circumstances analysis." *Id.* Here, McRoyal argues that there was a "lack of field reliability data" and "high potential for handler cueing," which, contradictory to the *Harris* case, seemingly suggests that the court should apply some sort of heightened scrutiny to the dog-sniff.

the purpose of their car trip, was sufficient to establish probable cause. While McRoyal attempts to challenge the reliability of the sniff, he fails to do so with supporting authorities or admissible evidence. Thus, both Hernandez and McRoyal fail to demonstrate that Judge Koppe's determinations were clearly erroneous or contrary to the law, so their objections are overruled. R&R-2 is adopted in full, so McRoyal's motion to suppress is denied.

### C. Harris's objection (ECF No. 353) to the report and recommendation (ECF No. 349) that his motion to suppress be denied (ECF No. 320) is overruled.

Harris also objects to the January 26, 2026, report and recommendation that I deny his motion to suppress evidence seized during an April 21, 2023 vehicle stop involving co-defendants McRoyal and Hernandez because it is based solely on Hernandez's motion to suppress wire intercepts. *See* R&R-2, ECF No. 349. Harris's objection is overruled for several reasons.

First, it violates Local Rule IB 3-2 by failing to serve specific objections with supporting points and authorities. *See* LR IB 3-2. Second, the motion is tethered to Hernandez's motion to suppress wire intercepts. As I have adopted R&R-1 and denied that motion, this motion is likewise denied. Third, while I am not required to conduct a de novo review because Harris failed to file specific objections, I nonetheless did and determine that Harris lacks standing to challenge the April 21, 2023 car stop. It is well established that a defendant may seek suppression of evidence on Fourth Amendment grounds only if he demonstrates that his own Fourth Amendment rights were violated by the challenged search or seizure. *Alderman v. United States*, 394 U.S. 165, 171–72 (1969); *Rakas v. Illinois*, 439 U.S. 128, 131 n.1, 133–34 (1978). A defendant bears the burden of showing by a preponderance of the evidence that a legitimate expectation of privacy exists. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005). Harris fails to meet his burden showing his Fourth Amendment rights were violated and that he had a reasonable expectation of privacy to the vehicle that was stopped and searched.[16] Indeed, in his motion to

---

[16] I also deny Harris's motion for joinder to Hernandez's objections (ECF No. 356) for lack of standing.

suppress, he acknowledges he was not present at the scene of the car search, that the van did not belong to him, and that he did not personally own the van that was stopped and searched. *See* ECF No. 320 at 3. Consequently, Harris's objection is overruled, so I accept R&R-3's conclusion that the motion be denied, but for the reasons set forth above. Harris's motion to suppress is denied.

### D. Hernandez's appeal (ECF No. 375) of the order (ECF No. 372) denying her motion to sever (ECF No. 274) is denied.

On March 26, 2026, Judge Koppe issued an order (ECF No. 372) denying defendant Hernandez's motion to sever (ECF No. 274). Therein, Judge Koppe found that neither severing the defendants nor the counts was necessary. *See* ECF No. 372. As to severing the defendants, she determined that the anticipated "antagonist defense" of Hernandez blaming co-defendants Harris and McRoyal for the narcotics that were recovered during an April 21, 2023 vehicle search is "not so irreconcilable with [her] theory that acceptance of either or both of the co-defendants' theories would preclude her acquittal." *Id.* at 12 (citing *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996)). Judge Koppe also denied severance from co-defendant McRoyal based on a statement he made to an undercover agent during a controlled buy—namely, that his baby's mother and daughter spoke Spanish—because the statement was made in furtherance of the conspiracy and, therefore, the Confrontation Clause was not implicated. *See id.* at 12–13. Finally, Judge Koppe denied Hernandez's request to sever the counts where she can testify (Counts 10, 13–15) from those where she cannot (Counts 1 and 9), for failing to make the required showing that severance is necessary. *See id.* at 14–15.

Hernandez appeals the order denying severance. *See* ECF No. 375. There, Hernandez argues that the order should be set aside for four reasons: (1) that she demonstrated that spillover prejudice is concrete, not speculative; (2) limiting instructions, which were included in the order as an option in denying severance, would not adequately remedy any prejudice; (3) that the danger of antagonistic defenses warrants severance; and (4) that she offered specific

testimony she would provide to the counts on which she could testify, thereby meeting her burden of showing that severance of certain counts against her is warranted. *See id.*

The government opposes the appeal. *See* ECF No. 377. As to spillover prejudice, the government argues that Hernandez's contention that the case against her is "far narrower" than the case against her co-defendants is inconsistent with the evidence, which will include months of wire interceptions between Hernandez and her co-defendants, video of Hernandez engaging in the sale of narcotics and firearms to undercover agents, and more. *See id.* at 2. The government also asserts that the scale of evidence against Hernandez is also why her argument that limiting instructions would be insufficient to cure any prejudice fails. *Id.* The government further argues that Hernandez's argument that the co-defendants could present potentially antagonistic defenses is in fact not antagonistic, but rather predictable because each defendant could argue that the other one was responsible: ultimately the jury can decide whether to believe all or none of them. *Id.* at 3. The government also argues that the court should reject Hernandez's new "Rule 14" problem to support her request for severance based on co-defendant McRoyal's statement about his baby's mother because in her motion she only argued that the Confrontation Clause and *Crawford* warranted severance. *Id.* at 2–3. Last, the government asserts that, for the reasons stated in its response to the motion to sever, Hernandez failed to make the requisite showing that the court should sever counts 10 and 13–15 from counts 1 and 9. *Id.* at 3–4.

Hernandez's appeal does not demonstrate that Judge Koppe's order denying severance is contrary to law. While Hernandez is charged with fewer counts than other co-defendants, that is not a reason to sever the case or the counts, especially given a conspiracy is charged. *See United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978) (explaining that a conspiracy can provide the necessary link to satisfy joinder requirements under Rule 8(b)). And to the extent that there is less or weaker evidence against Hernandez versus the co-defendants, that is often the case in multiple defendant prosecutions, so that too is an insufficient reason to grant severance. *See United States v. Inzunza*, 2005 WL 8160867, at *2 (S.D. Cal. Mar. 10, 2005) (recognizing that "some

prejudice is inevitable in every jointly tried prosecution"). And any weaknesses or differences in the evidence between one co-defendant versus another is fodder for cross-examination. *See United States v. Marshall*, 526 F.2d 1349 (9th Cir. 1975) (criminal defendants are entitled to great latitude in their efforts to impeach the credibility of government witnesses through cross-examination).

Further, at trial, the jury will be instructed to decide the guilt or innocence of each defendant as to each count, independent of the co-defendants. *See* Ninth Cir. Jury Instr. § 6.13. To the extent limiting instructions are needed, Hernandez may move for instructions before or during the trial. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993) (if there is a risk of prejudice, the trial court can neutralize the risk with appropriate jury instructions, and "juries are presumed to follow their instructions").

Finally, Hernandez's arguments that the court sever counts 10 and 13–15 from counts 1 and 9 are insufficient to demonstrate that Judge Koppe's legal reasoning explaining why severance is not warranted was contrary to the law. Judge Koppe correctly applied *United States v. Nolan*, which states that to obtain severance because of this prejudicial effect, a defendant "must show that [s]he has important testimony to give on some counts and a strong need to refrain from testifying on those [s]he wants severed." ECF No. 372 at 14 (quoting 700 F.2d 479, 483 (9th Cir. 1983)). Judge Koppe also correctly cited *United States v. DiCesare*, 765 F.2d 890, 898 (9th Cir. 1985), which requires a defendant to list "the specific testimony [she] will present about one offense, and [her] specific reasons for not testifying about others." *Id.* Hernandez does not make the requisite showing under *Nolan* or *DiCesare* here. While Hernandez proffers what testimony she "could" or "may" provide,[17] *see* ECF No. 274 at 10–13,[18] she fails to explain why the

---

[17] For the first time in her reply, Hernandez argues she "would testify." *See* ECF No. 380 at 7. At this procedural posture, this new assertion is not a proper basis to find Judge Koppe's order was contrary to the law. Moreover, even if she testified to the proffered testimony, the jury will be given instructions on credibility and weighing a defendant's testimony, *see* Ninth Cir. Jury Instr. §§ 1.7, 3.4, 3.9, and any other relevant instruction(s) to determine her guilt or innocence, or that of her co-defendants.

[18] Specifically, Hernandez proffered that, in regard to counts 13–15, she "can testify that she was asked to be a travel companion to McRoyal, without being notified of the true purpose of the travel, that she was

proffered (and potential, not actual) testimony is important. Rather, the proffered testimony seems standard: Hernandez may testify to offer an explanation as to how she got caught up in this case as it relates to counts 10 and 13–15, while wanting to exercise her Fifth Amendment right as to counts 1 and 9. But again, there is no explanation as to the *strong* need to refrain from testifying in counts 1 and 9. Moreover, Hernandez fails to address an important weakness in her reasoning that severance of the counts is warranted: if she did testify as to counts 10 or 13–15, she could potentially be cross-examined and/or impeached with the evidence related to counts 1 and 9. Stated otherwise, Hernandez failed to demonstrate that Judge Koppe's legal reasoning was contrary to the law, so her appeal is denied, and the order denying severance is affirmed in full.

### E. Harris's appeal (ECF No. 376) of the order (ECF No. 373) denying his motion to sever (ECF No. 322) is denied.

On March 27, 2026, Judge Koppe issued an order denying defendant Harris's motion to sever. *See* ECF No. 373. Harris filed objections to the order. ECF No. 376. Therein, Harris asserts that he stands by the arguments lodged in his underlying motion. *Id.* at 3. He also contends that after briefing on his motion to sever was completed, an evidentiary hearing was held relating to a traffic stop involving co-defendants McRoyal and Hernandez. *Id.* at 4–5 (referencing January 12, 2026 motion to suppress hearing). *See* Def.'s Ex. A, 1/12/26 Tr., ECF No. 376-1.

In his motion for severance, Harris argued that that severance was warranted for several reasons. First, as it relates to him,[19] Harris asserted that he allegedly joined the conspiracy later in time than some of his co-defendants, which he argues will subject him to spillover prejudice. *See* ECF No. 322 at 6–7. Judge Koppe determined that even if the evidence against the co-

---

not present when the van was loaded by McRoyal or Harris, and was not aware that the controlled substances were in the van," and that she "may testify regarding counts 10 and/or 13–15, but she is not likely to testify regarding counts 1 and 9." *See* ECF No. 274 at 10–13. As it relates to count 10, Hernandez testified that she could testify to her lack of prior subsequent firearm sales. *Id.* at 10.

[19] Part of Harris's motion, as well as his objections, seemingly asserts that his joinder to this action at trial would prejudice his co-defendants. Yet, he also recognizes he lacks standing to do so. *See* ECF No. 322 at 6. Accordingly, the court focuses on whether Harris is entitled to severance based on *his* arguments and the case against *him*, not his co-defendants.

defendants is stronger than the evidence against Harris, the evidence can be compartmentalized, so Harris failed to demonstrate adequate prejudice warranting severance. ECF No. 373 at 5. Harris's arguments do not demonstrate that Judge Koppe's determination was contrary to the law. Rather, he summarily contends that the evidence against him is weaker than that of his co-defendants, and that Judge Koppe merely "accepted the Government's characterization of and representations" regarding the evidence against him. ECF No. 376 at 3. But neither his motion nor his objections show how the evidence against him is weaker than the evidence against his co-defendants. Regardless, any issues of disproportionate evidence can be dealt with through jury instructions, and as explained in the prior section, the jury will be instructed to decide the guilt or innocence of each defendant as to each count, independent of the co-defendants. *See supra* page 15 (citing Ninth Cir. Jury Instr. § 6.13).

Also in his severance motion, Harris argued that his defense is mutually antagonistic to co-defendants McRoyal and Hernandez. *See* ECF No. 322 at 8. However, Harris did not proffer his anticipated defense; instead, he relied upon what he anticipated Hernandez's defense to be to argue that the jury "is unlikely to weigh the competing explanations of the Defendants fairly, proceeding by default to find <u>everyone</u> criminally responsible." *Id.* But as Judge Koppe correctly determined, to be entitled to severance based on mutually antagonistic defenses, "a defendant **must** show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *Throckmorton*, 87 F.3d at 1072. Because Harris failed to provide any explanation as to what his defense will be, Judge Koppe did not err in denying severance based on an alleged mutual antagonistic defense. Harris's objection does not address this omission, so he fails to demonstrate that the order denying severance on this argument was contrary to the law. *United States v. Shabazz*, 995 F. Supp. 1109, 1112 (D. Or. 1998) (denying severance where one co-defendant "presented no facts which would show that she has a defense mutually exclusive from any other

co-defendant or that another co-defendant has any exculpatory evidence to provide in her defense").

Finally, in his objection, Harris contends that Judge Koppe's order denying severance failed to adequately address the government's intention to introduce other crimes at trial. ECF No. 376 at 5. But Harris's argument was that of prejudice to Hernandez, not him. Accordingly, Judge Koppe correctly did not address that argument as Harris lacks standing to lodge a prejudice argument on Hernandez's behalf. Further, in neither his motion nor his objection does Harris cite any authority supporting his position that the introduction of 404(b) evidence against him warrants severing his case from that of his co-defendants. To the extent the court needs to address the introduction of 404(b) evidence,[20] that can be properly addressed before or during the trial through motions practice. Thus, Harris's argument as to 404(b) also fails to demonstrate that Judge Koppe's order denying severance was contrary to the law. For the foregoing reasons, the order denying Harris's motion for severance is affirmed in full.

**III.    Conclusion**

IT IS HEREBY ORDERED that Hernandez's objection **[ECF No. 354] is overruled**. The report and recommendation **[ECF No. 347] is accepted in full**, so the motion to suppress and request for a *Franks* hearing contained therein **[ECF No. 311] is denied**.

IT IS FURTHER ORDERED that Hernandez's and McRoyal's objections **[ECF Nos. 363, 364] are overruled**. The order and report and recommendation **[ECF No. 358] is accepted and affirmed in full**, so McRoyal's motion to suppress the April 21, 2023 car stop and search **[ECF No. 277] is denied**.

IT IS FURTHER ORDERED that Harris's objection **[ECF No. 353] is overruled**. The report and recommendation **[ECF No. 349]** is accepted and modified as set forth in this order, so Harris's motion to suppress **[ECF No. 320] is denied**.

---

[20] Motions practice, and/or appropriate jury instructions/verdict form, can also address any concerns that the jury may find Harris was involved in multiple conspiracies. *See* ECF No. 322 at 6; ECF No. 376 at 5.

IT IS FURTHER ORDERED that Harris's motion for joinder [ECF No. 356] is denied.

IT IS FURTHER ORDERED that Hernandez's motion for joinder [ECF No. 365] is denied.

IT IS FURTHER ORDERED that Hernandez's appeal of the magistrate judge's March 26, 2026 order [ECF No. 375] is denied. The order denying Hernandez's motion [ECF No. 372] is affirmed, so the motion to sever [ECF No. 274] is denied.

IT IS FURTHER ORDERED that Harris's appeal of the magistrate judge's March 27, 2026 order [ECF No. 376] is denied. The order denying Harris's motion [ECF No. 372] is affirmed, so the motion to sever [ECF No. 322] is denied.

Dated: April 27, 2026

_____
Cristina D. Silva
United States District Judge