UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-00113-CDS-NJK-2 |
| Plaintiff | **Order Denying Without Prejudice the Government's Motion in Limine to Allow Impeachment of Defendant Joey Lamar McRoyal by Evidence of Criminal Convictions under FRE 609 if Defendant Testifies at Trial** |
| v. | |
| Joey Lamar McRoyal, et al., | |
| Defendants | [ECF No. 412] |

Defendant Joey Lamar McRoyal is being charged with federal drug-related offenses, including possession with intent to distribute a controlled substance, distribution of a controlled substance, and conspiracy to distribute a controlled substance. McRoyal Indict., ECF No. 4. His trial is set to take place next week. Order, ECF No. 409. In anticipation of trial, the government filed a motion in limine under Federal Rule of Evidence (FRE) 609, seeking to allow impeachment of McRoyal by evidence of his past criminal conviction. Mot., ECF No. 412. For the reasons set forth below, I deny the motion without prejudice.

I.    **Discussion**

In 2014, McRoyal was convicted of felony possession of a controlled substance in Oklahoma and sentenced to a term of nine years in prison. ECF No. 412. On November 23, 2016, McRoyal was discharged to probation. *Id.* The government seeks to introduce evidence of this conviction to impeach McRoyal, should he testify at trial, under FRE 609. *Id.*

FRE 609 permits a party to impeach a witness's character for truthfulness through evidence of felony convictions where less than ten years have passed since the conviction or release from confinement for it. Fed. R. Evid. 609(a). Such evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]" *Id.* When weighing a prior conviction's

probative value against its prejudicial effect on the defendant, the Ninth Circuit employs five factors: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness'[s] subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and, (5) the centrality of the defendant's credibility." *United States v. Browne*, 829 F.2d 760, 762–63 (9th Cir. 1987) (citation omitted).

Here, McRoyal is a criminal defendant, and less than ten years have passed since he was discharged to probation in 2016 for his felony conviction. Thus, evidence of his felony conviction must be admitted if the probative value of the conviction outweighs its prejudicial effect to McRoyal. However, upon consideration of the five *Browne* factors, I find that the probative value of McRoyal's past felony conviction does not outweigh its prejudicial effects.

First, the Ninth Circuit has held that "[p]rior convictions for drug offenses are probative of veracity." *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) (quoting *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir.), *as amended* (Feb. 11, 1997). Second, McRoyal's discharge from probation only falls within Rule 609(a)'s ten-year window by a few months, but it nonetheless falls within the permissible window, so this factor is neutral. Third, the past crime (possession of a controlled substance) is highly similar to the presently charged crimes (possession with intent to distribute a controlled substance, distribution of a controlled substance, and conspiracy to distribute a controlled substance), which militates heavily against permitting impeachment because of the risk of prejudice. Fourth, McRoyal's testimony would be important to the case if given. Fifth, McRoyal's testimony is not the only evidence that the government will offer in prosecuting the charges against him; in fact, McRoyal may choose not to take the stand at all. Thus, it is too soon for the court to grant the government's motion. Accordingly, I deny the government's motion without prejudice. However, if McRoyal testifies, the government may re-raise this motion before cross-examination so the court can more fully evaluate whether impeachment would be appropriate in light of the B*rowne* factors.

2

## II.    Conclusion

IT IS HEREBY ORDERED that the government's motion in limine to allow impeachment of defendant Joey Lamar McRoyal by evidence of criminal convictions under Fed. R. Evid. 609 if defendant testifies at trial **[ECF No. 412] is DENIED without prejudice.**

Dated: June 18, 2026

_____
Cristina D. Silva
United States District Judge

3